No. 31,110.

THE CITIZENS NATIONAL BANK, *Appellee,* v. W. W. HILL et al.,
*Appellants.*

(21 P. 2d 316.)

Opinion filed
May 6, 1933.

*Owen S. Samuel* and *Samuel S. Spencer,* both of Emporia, for the appellants.
*W. C. Harris* and *W. L. Harris,* both of Emporia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a judgment creditor to set
aside a conveyance of a tract of land, and to appropriate the land
to satisfaction of the creditor's judgment. Plaintiff prevailed, and
defendants appeal.

W. W. Hill owned a homestead of 160 acres of land on which he
resided with his wife, Myrtle Bessie Hill. He also owned another
tract described as the northwest quarter of section 36 in a stated
township and range, which is the land in controversy. Mrs. Hill
had a daughter, Pearl Garriott, wife of Roy H. Garriott. In 1929
the Hills entered into a contract to sell the land in section 36 to the
Garriotts. Hill testified Garriott could not live up to the contract,
it was never consummated, and the court found it was abandoned.

In January, 1930, to obtain credit at the Citizens National bank,
Hill made a property statement in which he said he owned the land
in section 36, and his wife had a half interest in the homestead. On
April 14, 1930, Hill conveyed the land in section 36 to his wife, and
his wife conveyed to him her interest in the homestead. At that
time Hill was heavily indebted to the bank, and was insolvent. The
result of the transaction was that Hill acquired title to the home-
stead, which could not be appropriated by his creditors, and his
wife acquired title to the only land which could be appropriated by
Hill's creditors.

In May, 1930, Mrs. Hill, together with her husband, conveyed

the land in section 36 to the Garriotts, who gave Mrs. Hill a mortgage for $3,100 for part of the price. Subsequently the Garriotts conveyed the land to Mrs. Hill. The mortgage was not released.

The bank reduced its claim to judgment, execution was issued, and the execution was returned, no property found. This action followed, and the court returned, among others, the following findings of fact:

"On April 14, 1930, defendant, W. W. Hill, was insolvent, and had insufficient unexempt property out of which the debt of plaintiff could be satisfied, except the northwest quarter of section 36, township 20, range 10, and defendant, W. W. Hill, has no property now with which to satisfy his indebtedness to the plaintiff.

"That said conveyances of April 14, 1930, hereinbefore mentioned, and of May 22, 1930, were made with the purpose and intent to defraud the plaintiff and to hinder and delay it in the collection of its claim against the said W. W. Hill.

"That all of the defendants had knowledge of the foregoing facts and the intention of W. W. Hill to defraud the plaintiff and hinder and delay it in the collection of its claim against the said W. W. Hill, and knowingly participated in said transaction."

The first assignment of error is that the court erred in overruling a demurrer to plaintiff's evidence. The argument is that in order to find intent to defraud the court was obliged to accept indefinite and unsatisfactory testimony of a hostile witness. If the court did that, this court can do nothing about it. However, the testimony of the witness was sufficient to show that, shortly before the conveyances of the land in section 36 were made, Hill and Mrs. Hill discussed the subject of Hill's indebtedness to the bank, and Hill was deeding his property to his wife and the Garriotts so the bank could not get it.

The next assignment of error is that the court's findings of fact and conclusions of law were unsupported by and were contrary to the evidence. Nothing is said about credible evidence, and the record contains much testimony of a character which might well overtax the district court's credulity. Therefore, this court is not in position to discuss the second assignment of error. The court may, however, make this observation: It has read records in which fraudulent conveyances were more convincingly explained.

The two which have been mentioned are the only assignments of error discussed in the brief.

The judgment of the district court is affirmed.